```
                    IN THE UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION

ECIMOS, LLC, AND                        )
ELECTRICAL CONTROLS, INC.,              )
                                        )
     PLAINTIFFS,                        )
                                        )
v.                                      )    CASE NO.: 2:14-cv-02703MaV
                                        )
NORTEK GLOBAL HVAC LLC                  )
     (f/k/a Nortek LLC),                )
LOGICAL SYSTEMS, INC.,                  )
LOGICAL SYSTEMS, LLC,                   )
GAIL WAYNE ROANE, and                   )
MICHAEL GRAY,                           )
                                        )
     DEFENDANTS.                        )
```
_____

         REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO RECONSIDER
                        ORDER ON MOTION TO DISMISS
_____

Before the court is the September 13, 2016 motion of the plaintiffs, ECIMOS, LLC and Electrical Controls, Inc. ("the Plaintiffs"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, for revision of the June 15, 2016 order, (Order, ECF No. 195), entered by the presiding district judge, Judge Samuel H. Mays, Jr., adopting the Report and Recommendation of the magistrate judge, granting in part and denying in part the motion to dismiss filed by the defendants, Nortek Global HVAC LLC, Logical Systems, Inc., Logical Systems, LLC, Gail Wayne Roane, Michael Gray, and David Tesluk (collectively "the Defendants"). (Mot., ECF No. 224.) The Plaintiffs seek to remove the portion of the order which adopts the magistrate judge's Report and Recommendation recommending the award of sanctions against the Plaintiffs' attorneys. The

motion for revision was referred to the United States Magistrate Judge for a report and recommendation. (Order of Reference, ECF No. 225.) For the reasons that follow, it is recommended that the motion be denied to the extent is seeks revision of the Report and Recommendation but that the Court reconsider its June 15, 2016 order if it failed to consider the objections filed by the Plaintiffs.

In the Report and Recommendation dated March 21, 2016, the magistrate judge recommended granting in part and denying in part the Defendants' motion to dismiss. (Report and Recommendation, ECF No. 53.) Specifically, in the March 21, 2016 Report & Recommendation, the magistrate judge recommended the imposition of expenses, including attorney's fees, incurred by the Defendants, against both the Plaintiffs *and* their counsel as sanctions under Fed. R. Civ. P. 37(b)(2)(A), 37(c)(1), and 26(g)(3), 28 U.S.C. § 1927, and the court's inherent power. (*Id.*) The Plaintiffs filed objections to the Report and Recommendation on April 7, 2016. On June 15, 2016, the March 21, 2016 Report and Recommendation was adopted in full by Judge Mays. (Order, ECF No. 195.)

According to the Sixth Circuit, a district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004)(citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Local Rule 7.3 governs motions for revisions

2

of interlocutory orders in this court.  It provides:

> (a) <u>Application to Non-Final Orders.</u> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by the Court on any ground set forth in subsection (b) of this rule. Motions to reconsider interlocutory orders are not otherwise permitted.
>
> (b) <u>Form and Content of Motion to Revise</u>.  A motion for revision must specifically show:  (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3.

In their motion for revision, the Plaintiffs assert there was a manifest failure by Judge Mays to consider material facts or dispositive legal arguments that were presented by the Plaintiffs before entry of the June 15, 2016 order.  In particular, the Plaintiffs assert that they timely filed objections to the magistrate judge's Report and Recommendation which Judge Mays failed to consider because Judge Mays erroneously concluded the objections were untimely filed and, as a result, Judge Mays failed to review *de novo* material facts which led to erroneous findings by him.

3

As correctly asserted by the Plaintiffs, the Plaintiffs timely filed objections to the magistrate judge's Report and Recommendation. The Report and Recommendation was filed on March 21, 2016 and served on the parties electronically through ECF. Within fourteen (14) days after being served with a copy of a report and recommendation, a party may serve and file written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The fourteen-day deadline is extended by three days when the order is served by electronic means. *See* Local Rules of Court, Appendix A – Electronic Case filing (ECF) Polices & Procedures § 11.2.3 ("In accordance with Fed. R. Civ. P. [6(d)] . . . service by electronic means, even though immediate in nature, is treated the same as service by mail, so three (3) days are added to the prescribed period to respond.") *See also Allen v. United Parcel Service, Inc.*, 988 F. Supp.2d 293, 297 (E.D.N.Y. 2013)(holding that the fourteen-day deadline to file objections to a magistrate's report and recommendation is extended by three days when it is served electronically.) Accordingly, the Plaintiffs objections to the Report and Recommendation were timely.

Although not entirely clear, it appears that Judge Mays may have nevertheless considered the Plaintiffs' objections even though he referred to them as untimely. In the June 15, 2016 order, Judge Mays stated that the Plaintiffs' objections to the

4

magistrate judge's order on the motion to strike were overruled thus implying consideration of the objections. Therefore, if Judge Mays has already considered the Plaintiffs' objections, it is recommended that the motion for revision be denied but if Judge Mays did not consider the objections filed by the Plaintiffs, it is recommended that the motion for revision be granted and he do so.

To the extent the motion for revision seeks revision of the magistrate judge's March 21, 2016 Report and Recommendation and other orders of the same date, it is recommended that the motion for revision be denied.  In their motion for revision, the Plaintiffs argue that the magistrate judge's order striking the Plaintiffs' supplemental response was clearly erroneous, that the magistrate judge's finding that the Plaintiffs' attorneys Peel and Weirich had any responsibility at all for the search and reproduction of documents was clearly erroneous because Peel and Weirich did not represent the Plaintiffs at the time of the search and reproduction, and that the magistrate judge's factual finding that inconsistent DVDs were produced was erroneous.  The Plaintiffs, however, have not presented any material facts that were not considered by the magistrate judge before the Report and Recommendation and other orders were entered or that were unknown the Plaintiffs and their attorneys.  Accordingly, if the Plaintiffs seek revision of the Report and Recommendation, it is

5

recommended that the motion for revision be denied.

Respectfully submitted this 26th day of September, 2016.


s/ Diane K. Vescovo

DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.